UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MELREE LAREA GLENN,

Plaintiff,

v.

STATE OF OREGON; SO FRESH
PDX/FREEDOM STREET, INC.;
SHANTI MARTIN,

Defendants.

Case No. 3:17-cv-01377-AA

ORDER

AIKEN, District Judge:

Plaintiff, an inmate at Multnomah County Inverness Jail, filed this action pursuant to 42 U.S.C. § 1983 and applied to proceed in forma pauperis. Plaintiff did not provide a completed application or a certified copy of his jail trust account as required by the Prison Litigation Reform Act. 28 U.S.C. § 1915(a)(2). However, the court takes judicial notice of the application and certified copy plaintiff provided in Case No. 3:17-cv-01345-AA. Review of those documents reveals that plaintiff is unable to afford the fees of this action.

Pursuant to the Prison Litigation Reform Act, a prisoner proceeding in forma pauperis is required to pay the full filing fee of $350 when funds exist. 28 U.S.C. § 1915(b)(1). Plaintiff has authorized the agency having custody of him to collect the filing fee from his prison trust account when funds exist. Plaintiff has been without sufficient funds for the six months

1 -   ORDER

immediately preceding the filing of his complaint and the court will not assess an initial partial filing fee. However, plaintiff's Complaint is deficient and must be dismissed.

In federal court, dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Plaintiff purports to file suit against alleged theft victims seeking restitution. To state a civil rights claim under § 1983, plaintiff must allege that 1) a person acting under color of law 2) deprived him of a federal constitutional right. 42 U.S.C. § 1983; *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011). The victims are private individuals and not subject to suit under § 1983. Further, these claims are essentially the same claims plaintiff asserted in two other cases, Nos. 3:17-cv-01345-AA and 3:17-cv-01346-AA, and I find them frivolous.

## CONCLUSION

Plaintiff fails to state claim and amendment would be futile. This action is DISMISSED. IT IS SO ORDERED.

DATED this 17 day of October, 2017.

Ann Aiken
United States District Judge

2 - ORDER